UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ASAP AUTO GROUP, LLC AND
JOSEPH MARTIN                                                                                   PLAINTIFFS

V.                                                          CIVIL ACTION NO. 3:14cv670-DPJ-FKB

FORCE EVENTS AND DIRECT MARKETING, LLC                          DEFENDANT

ORDER

This diversity case is before the Court on Defendant Force Events and Direct Marketing, LLC's ("Force") Motion to Dismiss for Lack of Jurisdiction or to Transfer [3]. Defendant moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2) or to transfer it to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1406(a) on the basis that this Court lacks personal jurisdiction. Alternatively, Defendant moves to enforce a forum-selection provision and transfer venue pursuant to 28 U.S.C. § 1404(a) and Rule 12(b)(3). Having fully considered the parties' submissions and the relevant authority, the Court finds that the Defendant's Motion to Dismiss should be granted.

I.    Facts and Procedural History

Plaintiffs ASAP Auto Group, LLC ("ASAP") and Joseph Martin[1] are Mississippi residents engaged in "the business of conducting, facilitating, and coordinating automobile special event sales promotions for various automobile dealers and brokers throughout the United States." Compl. [1-2] ¶ 4. ASAP primarily uses "[d]irect mailings and digital marketing" in conducting

---

[1] Martin's specific relationship to ASAP is not elucidated in the Complaint or in Plaintiffs' Response, however, because their claims appear to be identical, the Court will hereinafter refer to both parties as "ASAP."

these sales, and has occasionally "used other companies to facilitate direct mailings and digital marketing campaigns." Pls.' Resp. [5] at 3.

In "early 2014," ASAP contracted with Landmark Chevrolet, an automobile dealer in New York, to "conduct and facilitate certain special event sales." Compl. [1-2] ¶ 5. At some time after this agreement, ASAP and Defendant Force, a Georgia limited liability company, appear to have agreed that Force would create marketing and promotional materials for the Landmark Chevrolet event sale in New York. *See id.* ¶ 6; Def.'s Mem. [3] at 5. Although the parties dispute how this relationship was formed and the exact nature of Force's responsibilities under the agreement, it is undisputed that Force was to produce promotional materials on ASAP's behalf for the benefit of Landmark Chevrolet. *See* Compl. [1-2] ¶¶ 5  6; Def.'s Mem [3] at 5. According to ASAP, Force provided the materials too late to impact the event.

On July 22, 2014, ASAP filed suit against Force in the Circuit Court of Lauderdale County, Mississippi, seeking compensatory and punitive damages under causes of action for breach of contract, intentional breach of contract, and intentional interference with existing contract and prospective business relations. ASAP alleged that the parties "entered into a contract(s) whereby [Force was] to produce, mail, organize, print, and deliver certain time sensitive marketing materials and documents" and that Force "failed or refused" to produce such documents. Compl. [1-2] ¶¶ 6  7. Following service, Force removed the case to this Court on August 27, 2014. Force then moved to dismiss [3], ASAP responded [4], and Force replied [7].

II.     Standard

Where a nonresident defendant in a diversity action moves to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), "'the party who seeks to invoke the jurisdiction of the

federal court bears the burden of establishing the district court's jurisdiction over the nonresident.'" *Gatte v. Dohm*, 574 F. App'x 327, 330 (5th Cir. 2014) (quoting *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 46 (5th Cir. 1985)). "'The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a *prima facie* showing suffices.'" *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).

When determining whether a *prima facie* case for jurisdiction exists, "[t]he district court is not obligated to consult only the assertions in the plaintiff's complaint . . . [r]ather, the district court may consider the contents of the record at the time of the motion . . . ." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006). In this regard, all "'uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor.'" *Gatte*, 574 F. App'x at 330 (quoting *D.J. Invs.*, 754 F.2d at 546).

III.  Analysis

Force seeks an order either dismissing ASAP's claims or transfering venue to the Northern District of Georgia on two separate grounds. First, it contends that this Court lacks personal jurisdiction, and second, it contends that venue is improper due to a valid forum-selection provision contained in a contract between the parties. Because personal jurisdiction is lacking, the Court limits its review to that issue and whether transfer is appropriate.

A.  Personal Jurisdiction

It is well established that a federal court sitting in diversity may only exercise personal jurisdiction to the extent permitted for a state court under the applicable law of the state in which

it sits. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419 (5th Cir. 2005) (citing *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997)). As such, the Court must conduct a two-part inquiry. The Court may only exercise jurisdiction if: "(1) the state's long-arm statute applies, as interpreted by the state's courts, and (2) if due process is satisfied under the 14th Amendment to the federal Constitution." *Paz*, 445 F.3d at 812 (citing *Allred*, 117 F.3d at 281).

The Mississippi long-arm statute provides three bases upon which personal jurisdiction over a nonresident defendant may be premised: the "contract prong," the "tort prong," and the "doing business prong." *Durham v. Katzman, Wasserman & Bennardini*, 375 F. Supp. 2d 495, 497 (S.D. Miss. 2005) (citing Miss. Code. Ann. § 13-3-57). Specifically, the statute states that

> [a]ny nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code. Ann. § 13-3-57.

As an initial matter, ASAP's Complaint never specifies which of the three bases supports jurisdiction. But in its response, ASAP premises jurisdiction solely on the "doing-business" prong of the statute. *See* Pls.'s Resp. [5] at 6  9.[2]

---

[2] Though ASAP refers to an "oral contract between ASAP and Force memorialized by text messages and emails," Pls.' Resp. [5] at 2, it never makes a "contract-prong" argument. Likewise, ASAP pleads two tort causes of action without making a "tort-prong" argument. Indeed the only subheading ASAP offers under its personal-jurisdiction heading states that "Force solicited the business"  a reference to its "doing-business prong" argument. *Id.* at 9. Finally, the contract- and tort-prong theories would face obstacles if pursued because there appears to be no dispute that the contracts were to be performed outside Mississippi and the alleged breaches occurred outside Mississippi. In any event, ASAP has not argued these prongs

The only substantive argument ASAP offers to support a finding under the "doing-business" prong is the factually unsupported assertion that Force "reached out to Nick Carey, an employee of ASAP, to solicit the business of ASAP."  Pls.' Resp. [5] at 6.  ASAP legally supports the argument by citing *Internet Doorway, Inc. v. Parks*, where a single *unsolicited* email was deemed a "purposeful act that occurred in Mississippi" sufficient to satisfy the "doing-business prong" of the long-arm statute.  138 F. Supp. 2d 773, 776 (S.D. Miss. 2001) (Barbour, J.) (cited in Pls.' Resp. [5] at 6).  ASAP's argument fails, however, because it is legally distinguishable and factually unsupported.

First, it is apparent from *Internet Doorway, Inc.* that the unsolicited nature of the communication weighed heavily in Judge Barbour's analysis.  *Compare id.* (single unsolicited email constituted doing business) *with Paul v. Int'l Precious Metals Corp.*, 613 F. Supp. 174, 176 77 (S.D. Miss. 1985) (Barbour, J.) (holding that doing-business prong had not been satisfied when plaintiff initiated contact with defendant); *see also Indus. & Crane Servs., Inc. v. Crane & Rig Servs., LLC*, No. 1:14cv255-HSO-RHW, 2014 WL 6471474, at *5 (S.D. Miss. Nov. 18, 2014) ("Plaintiff does not allege in the Complaint or in opposition to Davis Crane's Motion [] that Davis Crane sought out Plaintiff in any way."); *Bufkin v. Thermage, Inc.*, 3:08CV465 TSL-JCS, 2009 WL 114780, at *6 (S.D. Miss. Jan. 16, 2000) (finding doing-business prong absent where "contact was in response to [plaintiff's] earlier request" for services).

Second, ASAP fails to factually support its argument that Force contacted ASAP.  ASAP attaches a string of text messages and emails which it describes as "pitch[ing] a business

---

nor offered analysis of these potentially difficult issues.

relationship." Pls.' Resp. [5] at 3. But ASAP offers no evidence showing that this "pitch" was unsolicited, and the attachments themselves obviously begin after the initial communications.

In contrast, Force offers affidavit testimony that "ASAP . . . through its owner, Joseph Martin, initiated contact with Force in its Atlanta offices for the purposes of obtaining marketing materials and direct mail services." Def.'s Mot. [3], Ex. 2 ¶ 5. ASAP offers no responsive affidavit testimony on this point, and the contrary statements in its memorandum are insufficient to carry the day. *See Boots Smith Oilfield Servs., LLC v. Chief Oil & Gas, LLC*, No. 2:13CV48-KS-MTP 2013 WL 3475228 (S.D. Miss July 10, 2013) ("Plaintiff's representations in briefing are not sufficient to create a genuine factual dispute"). So, while the Court accepts the undisputed facts in ASAP's favor, ASAP has not met its burden of showing that Force made an unsolicited play for its business.

It is tempting to end the analysis here. In fairness though, ASAP states that Force "made promises and representations regarding its services and readily accepted payment from a Mississippi bank, paid by a Mississippi LLC for those services." Pls.' Resp. [5] at 9. ASAP neither elaborates on this point nor offers any legal citation to support it. The argument itself appears in the summation of the doing-business-prong subsection of ASAP's memorandum, and because ASAP has limited its response to that theory, *see supra* at 4  5 n.2, ASAP apparently believes these purported facts show Force was doing business in Mississippi.

The Court is reluctant to delve into an issue for which ASAP carries the burden of proof but has offered no legal analysis or explanation. It nevertheless appears that the contacts ASAP mentions would not suffice to establish the doing-business prong under a traditional (*i.e.*, non-solicitation) analysis. There is no dispute that Force: (1) is not registered to do business in

Mississippi; (2) does not have and never has had a registered agent in Mississippi; (3) has not sent its employees to Mississippi in recent years to conduct or solicit business; (4) does not maintain any offices, post office boxes, places of business, or telephone listings in Mississippi; and (5) has no real estate, vehicles, bank accounts, or other property interests in Mississippi.  Def.'s Mot. [3] at 4.  Of equal significance, none of the work the parties contemplated was to be performed in Mississippi.  *Id.*  Instead, all work was to be performed in Georgia, Florida, and West Virginia, and ultimately provided in New York.  *Id.*, Ex. 2 ¶¶ 7, 8.  Finally, there is no evidence that Force had any ongoing contact with Mississippi after this limited encounter with ASAP.

Under Mississippi's long-arm statute, "to satisfy the statutory 'doing business' requirement, [conduct] must be of 'a continuing and substantial' nature." *Medina v. Medina*, 260 F.3d 622 (5th Cir. 2001) (quoting *McDaniel v. Ritter*, 556 So. 2d 303, 309 (Miss. 1989)).  Other judges within this district have concluded that contacts similar to those ASAP mentions were not sufficient to meet that test.  Most notably, in *Paul*, the court held that the doing-business prong was not satisfied where an out-of-state investment broker received a call from a Mississippi resident and ultimately placed purchases for him, communicated several times with the plaintiff via telephone, sent the plaintiff an agreement that was signed and returned, and received two checks drawn on the plaintiff's Mississippi accounts.  613 F. Supp. at 175  76; *see also Indus. & Crane Servs., Inc.*, 2014 WL 6471474, at *5 (rejecting doing-business-prong argument and collecting cases); *Roxco, Ltd. v. Harris Specialty Chems., Inc.*, 133 F. Supp. 2d 911, 914 (S.D. Miss. 2000) (rejecting doing-business-prong argument where defendant engaged Mississippi

plaintiff for out-of-state work but communicated in writing and by telephone with plaintiff in Mississippi).[3]

In sum, Plaintiffs' Complaint does not offer any uncontroverted allegations regarding Force's solicitation and Plaintiffs have failed to proffer any admissible evidence that directly counters Defendant's claim that ASAP solicited its business. Consequently, Plaintiffs have not met their burden of establishing a *prima facie* case that jurisdiction is proper.

B.      Transfer of Venue

As an alternative to dismissal pursuant to Rule 12(b)(2), Defendant moves to transfer venue to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1406(a). This statute provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Although the statute refers to transfer in cases "laying venue in the wrong division or district," the district court may also transfer "due to the absence of personal jurisdiction in a district where venue is otherwise proper." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (citing *Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985)).

In this case, apart from disputing the validity of the forum-selection provision, the parties have not offered any argument as to why the interests of justice favor transfer over dismissal.[4]

---

[3] Again, the Court feels obligated to say that it is reluctant to take a deep dive into this argument when it has not been explored in ASAP's Response. ASAP essentially relies on the solicitation argument, which is not supported.

[4] Evidence of such interests could include, for instance, the location of witnesses, evidence, and underlying events, or to avoid statute-of-limitations issues. *See, e.g.*, *Herman*, 730 F.3d at 466.

"Whenever an action could not have been properly brought in a district and no reason appears why it would be more in interest of justice for court to transfer case than to dismiss it, it should be dismissed pursuant to 28 U.S.C. § 1406(a)." *Matlock v. Flake*, No. 1:09cv510-HSO-JMR, 2009 WL 3213498, at *2 (S.D. Miss. Sept. 25, 2009).

In any event, given the lack of information on this matter, the Court finds that the interests of justice would best be served by dismissing this case, rather than transferring it, thereby providing Plaintiffs the opportunity to refile their suit in a proper court of their choosing. For the above stated reasons, Defendant's Motion to Dismiss is granted and its Motion to Transfer is denied.

IV.   Conclusion

The Court has considered the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendant's Motion to Dismiss [3] is granted.

A separate judgment will be entered in accordance with Rule 58.

**SO ORDERED AND ADJUDGED** this the 10th day of September, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE